UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SERGIO ALVAREZ,<br>*Plaintiff*<br><br>v.<br><br>CITY OF WESTLAKE HILLS and CITY OF WESTLAKE HILLS BOARD OF ADJUSTMENT,<br>*Defendants* | § § § § § § § § § § §   No. 1-23-CV-00827-DII |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE UNITED STATES DISTRICT JUDGE

Before the Court is Defendants City of Westlake Hills (the "City") and City of Westlake Hills Board of Adjustment's (the "Board") Amended Motion to Dismiss, Dkt. 11; and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motion.

## I.   BACKGROUND

This lawsuit arises out of the denial of a residential permit application Alvarez submitted to renovate his property. Alvarez's application envisioned an 8,647 square foot addition to the existing residence, including a new driveway that would be elevated up to twelve feet above the ground. Dkt. 11, at 3-5, 21. Alvarez alleges that ten days after he submitted his application, the City held a council meeting where it adopted an ordinance limiting the height of driveways to no more than six feet above the ground. *Id.* at 5-6. After the adoption of the new ordinance, the City sent Alvarez

1

two rounds of review comments identifying issues with the plan's compliance with certain city ordinances, including comments unrelated to the driveway or its height. *Id.* at 6-10.[1]

Alvarez appealed the denial of his permit application to the Board—which he alleges to be a "committee of the City, not known to be separately incorporated," that is made up of the same members as the City Council. *Id.* at 2, 9-10. After holding a hearing, the Board affirmed the denial of Alvarez's permit application based on its failure to comply with the City's setback standards, never mentioning the City's new ordinance regarding the maximum height for driveways. *Id.* at 12-13. Alvarez petitioned for a writ of certiorari with the Travis County district court, which affirmed the Board's decision after holding a hearing. *Id.* at 13. Alvarez appealed the district court's judgment, but later voluntarily dismissed his appeal. Dkt. 11-1, at 194-98.

Alvarez then filed this lawsuit in federal court, seeking damages and equitable relief based on his allegations that Defendants, in denying his permit application, violated his Fourteenth Amendment rights and engaged in a regulatory taking in violation of the Texas Constitution. *Id.* at 13-18. Defendants now move to dismiss Alvarez's claims, arguing that they are barred by res judicata and claim preclusion. Dkt. 11.

---

[1] In fact, it is unclear whether the driveway's height formed any basis of the City's objections to Alvarez's permit application, as the City did not specify which provision of the driveway ordinance Alvarez's proposed plan violated. *Id.* at 6-7.

## II.   LEGAL STANDARDS

While res judicata is typically an affirmative defense, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent on the face of the pleadings." *Clyce v. Farley*, 836 F. App'x 262, 267 (5th Cir. 2020). Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## III.   DISCUSSION

The Full Faith and Credit Clause of the United States Constitution and its implementing statute, 28 U.S.C. § 1738, govern the preclusive effect of a state-court judgment in a subsequent federal action. Because the prior judgment here arose in state court, Texas law applies to the determination of whether res judicata bars the current lawsuit. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 463 (1982) (holding

that 28 U.S.C. § 1738 requires federal courts to apply state law when determining the preclusive effect of state-court judgments); *see also Thompson v. Dallas City Att'y's Off.*, 913 F.3d 464, 467 (5th Cir. 2019) ("Federal courts must step into the shoes of state courts and afford preclusive effect where state courts would do so.").[2]

Under Texas law, res judicata requires proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Tex. Water Rts. Comm'n v. Crow Iron Works*, 582 S.W.2d 768, 771-72 (Tex. 1979)). If these three conditions are satisfied, both parties are prohibited from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. *See id.* The doctrine of res judicata seeks to bring an end to litigation, prevent vexatious litigation, maintain the stability of court decisions, promote judicial economy, and prevent double recovery. *Citizens Ins. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (internal citation omitted).

Texas law first requires a final judgment on the merits by a court of competent jurisdiction. The parties agree that the Travis County district court had jurisdiction over Alvarez's petition for a writ of certiorari, and that that court's judgment became final when Alvarez voluntarily dismissed his appeal of the district court's order affirming the Board, and the mandate issued in that case. Dkt. 11-1, at 192-98.

---

[2] Both parties incorrectly rely on the federal standard for res judicata in their briefing. Dkt. 11, at 5-6; Dkt. 13, at 4.

Alvarez appears to argue that this factor is not met because he only sought relief directly related to his permit application in state court, and he was unable to seek damages in that forum—yet this argument is more properly addressed under the third element of Texas's res judicata test. Dkt. 13, at 4-5. Because the Travis County district court issued a final judgment on the merits of Alvarez's appeal of the Board's denial of his permit application, the first element of res judicata is met.

Second, res judicata requires that the parties to this action be identical to, or in privity with, the parties to the prior proceeding. Under Texas law, parties can be in privity in at least three ways: (1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action. *Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). Here, the parties are not identical since the City—named as a defendant in this lawsuit—was not a formal party to the administrative proceedings. *See* Dkt. 11-1, at 2.

Nonetheless, the Board is a regulatory body controlled by the City, and Alvarez himself alleges that the Board is a "committee of the City" whose members are the same as those of the City council, Dkt. 10, at 2; Tex. Loc. Gov't Code § 211.008(a) ("The governing body of a municipality may provide for the appointment of a board of adjustment."). Alvarez's own allegations thus demonstrate that the City has control over the Board's decisions with regard to permit applications and that the Board represented the City's interests in the administrative appeal. *Getty Oil*, 845 S.W.2d at 800; *Amstadt,* 919 S.W.2d at 653 ("To determine whether subsequent plaintiffs are

in privity with prior plaintiffs, we examine the interests the parties shared."); *see also Estevez v. Nabers*, 219 F.2d 321, 322 (5th Cir.1955) ("[T]he government, its officers, and its agencies are regarded as being in privity for [res judicata] purposes.") (applying federal law).³ The Board and the City are thus in privity for the purposes of applying res judicata to this lawsuit.

Finally, res judicata applies only if this lawsuit involves the same claims that were, or could have been, asserted in the state court case. Texas applies the transactional approach in determining whether a claim could have been litigated in a prior suit, which bars a subsequent suit if it "arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been raised in a prior suit." *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628-31 (Tex. 1992); *see also Amstadt*, 919 S.W.2d at 653 ("If the second plaintiffs seek to relitigate the matter which was the subject of the earlier litigation, res judicata bars the suit even if the second plaintiffs do not allege causes of action identical to those asserted by the first."). Determining the scope of the "subject matter" or "transaction" of the prior suit requires "an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Barr*, 837 S.W.2d at 630.

While the claims asserted in this case and in the state-court action differ, they arise out of the same transaction—the Board's denial of Alvarez's permit application.

---

³ Alvarez even agrees in his briefing that the Board and the City are in privity "for many purposes," yet argues that here they should not be considered as such since the administrative appeal concerned an action of the Board, not the City. Dkt. 13, at 4. To support this argument, Alvarez refers to a subsection of the statute governing judicial review of the Board's decisions. But the cited subsection only confirms that the standard of review applied to the Board's decision is the same regardless of whether or not the Board is comprised of members of the governing body (i.e, the City). Tex. Loc. Gov't Code § 211.011(g).

*Compare* Dkt. 10, at 14-18 *with* Dkt. 11-1, at 2-15. Alvarez added no new factual allegations to his amended complaint, and the inclusion of new federal and state claims in this lawsuit does not preclude the application of res judicata since the doctrine is "not limited to matters actually litigated" but rather extends to any claims that may have arisen from the "factual matters that make up the gist of his complaint." *Barr*, 837 S.W.2d at 630. Alvarez stresses that in reviewing the Board's decision, the Travis County district court applied a deferential standard of review, Dkt. 13, at 3, yet courts have noted that the standard of review is irrelevant to a prior suit's preclusive effect. *See, e.g., Cox v. Nueces Cnty., Tex.*, 839 F.3d 418, 420-21 (5th Cir. 2016) (finding that res judicata applied under Texas law where plaintiff did not bring federal constitutional claim in state court substantial-evidence review of civil service commission findings).

Similarly unavailing is Alvarez's contention that he was unable to seek damages in his state-court appeal. Dkt. 13, at 5-6. Texas's transactional approach emphasizes an overlap in the "the factual bases, not the legal theories" or forms of relief presented in the cases to determine the applicability of res judicata. *Samuel v. Fed. Home Loan Mortgage Corp.*, 434 S.W.3d 230, 234 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 496 (Tex. App.—Texarkana 2002, pet. denied)); *see also Kinney v. BCG Att'y Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *10 (Tex. App.—Austin Apr. 11, 2014, pet. denied) (mem. op.) ("The fact that different forms of relief are sought in the two lawsuits is irrelevant, for if the rule were otherwise, litigation

finally would end only when a party ran out of counsel whose knowledge and imagination could conceive of different theories of relief based upon the same factual background.") (internal citation removed). Alvarez's present claims all stem from the same subject matter as those litigated before the Travis County district court—the denial of his permit application—as such, there is sufficient identity of claims to satisfy the final requirement for res judicata.

Because the prior state-court action resulted in a final judgment on the merits, the involved parties are in privity, and the federal claims arise from the same subject matter as the state-court case, res judicata bars Alvarez's current lawsuit. The policy interests in finality, stability, and judicial economy also counsel in favor of the dismissal of Alvarez's claims. *Daccach*, 217 S.W.3d at 449.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss, Dkt. 11.

**IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable District Judge.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d

419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 27, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE